IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES McHENRY, #455597 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-03-720 |
| | § | |
| UTMB MANAGED CARE, ET AL. | § | |

## REPORT AND RECOMMENDATION

Plaintiff James McHenry, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The particularity with which Plaintiff has pleaded his claims makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having reviewed Plaintiff's complaint, this Court makes the following recommendation to the District Judge.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). A Plaintiff proceeding pursuant to Section 1983 must show that he has

1

been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).

Plaintiff alleges that in July, 1992, a UTMB nurse "snatched" and broke off an IV "catheter" in his arm, leaving the "plastic part" embedded in his arm. He allegedly complained to the prison doctor about the piece of broken catheter in his arm, who told him there was nothing embedded in his arm. Plaintiff filed a grievance against UTMB Managed Care System and Drs. Herrera and Dubberly in July, 2003. The grievance was returned to Plaintiff because the grievable time period had expired.

Section 1997e, as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings. *See Booth v. Churner* 532 U.S. 731, 740-41 (2001). The Court does not "inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; prisoners simply "must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003), *cert. denied,* 541 U.S. 1012 (2004). Failing to exhaust the TDCJ-

CID's available grievance procedures pursuant to the PLRA, Plaintiff is barred from pursuing the instant suit.

For the foregoing reasons, this Court **RECOMMENDS** that the instant cause be **DISMISSED with prejudice for failure to exhaust administrative remedies**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **June 20, 2006,** in which to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___1st___ day of June, 2006.

_____
John R. Froeschner
United States Magistrate Judge